IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SHERRY FRAZIER** | § | |
| | § | |
| **V.** | § | **A-10-CA-525 LY** |
| | § | |
| **KIMBERLYN KITCHELL , et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis*, filed July 15, 2010 (Clerk's Doc. No. 1). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2). After reviewing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court finds it should be dismissed as frivolous.

**I. ANALYSIS**

Section 1915(e)(2)(B) requires a district court to dismiss an *in forma pauperis* suit if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). A complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *see also Banks v. Gillie*, Civ. Act. No. 03-3098, 2004 U.S. Dist. LEXIS 5413, at *9 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-CV-1113-K, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quoting *Pittman v. Moore*, 980 F.2d at 994-95).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

In the case currently before the Court, Frazier has submitted a complaint that is incomprehensible. After reviewing the complaint, the Court is unable to recognize any cognizable claim. It makes vague references to fraud, slander, and corporal punishment, but the Court truly cannot determine what she is alleging. Even construing the complaint liberally, the court is unable

to discern under what theories Plaintiff attempts to proceed.  The complaint does not adequately apprise the defendants of their alleged wrongdoing, and in the rare case when a sentence is intelligible, the allegations fail to state a cause of action.  The pleadings are meaningless and establish neither personal nor subject matter jurisdiction of this Court.  Accordingly, the undersigned recommends that the Complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Jungle Democracy v. Bush*, No. 06-CV-505, 2006 WL 358654, at *1 (E.D. Pa. Feb. 14, 2006) (dismissing with prejudice a complaint that is irrational and incomprehensible with no cognizable claim or intelligible sentence).

Moreover, pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."  *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).  Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices."  *Id*.  Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims.  FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993).

This is not the first time Frazier has filed suit in the Austin Division of the Western District of Texas.  *See Frazier v. Salvation Army Transitional Homeless Shelter Inc. et al.*, 1:07-cv-412-LY (W.D. Tex. 2007); *Frazier v. Caritas et al.*, 1:07-cv-514-LY (W.D. Tex. 2007); *Frazier v. ARCH Austin Community Homeless Shelter*, 1:09-cv-72-LY (W.D. Tex. 2009); *Sherry Frazier v. Starbucks Coffee, et al.*; A-10-cv-578-LY (W.D. Tex. 2010).  The first three of these cases were dismissed, one for lack of jurisdiction, one for failing to sign the complaint, and the last as frivolous.  In the fourth

case, the undersigned has submitted a Report and Recommendation today recommending dismissal as frivolous. In this Court's prior Order dated February 17, 2009, the undersigned stated:

> Based on Frazier's past and continued conduct, the Court would like to warn Frazier that if she continues to file meritless, vague, and impossible claims, the Court may impose sanctions in the future. Such sanctions may include a broad injunction, barring her from filing any future actions in the Western District of Texas without leave of court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) (order requiring leave of court before plaintiffs file any further complaints is proper method for handling complaints of prolific litigators).

*See Frazier v. ARCH Austin Community Homeless Shelter*, 1:09-cv-172-LY (W.D. Tex. 2009), Clerk's Doc. No. 2. Accordingly, the Magistrate RECOMMENDS that the District Court ORDER that Plaintiff SHOW CAUSE why she should not be barred from filing further actions in the Western District of Texas without first obtaining leave of Court.

## II.  RECOMMENDATION

The Magistrate Judge RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B). The Magistrate FURTHER RECOMMENDS that the District Court ORDER that Plaintiff SHOW CAUSE why she should not be barred from filing further actions in the Western District of Texas without first obtaining leave of Court.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE